■ In the Matter of DARLENE HUSHER, Petitioner, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.—Mahoney, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which suspended petitioner's licenses to practice as a registered nurse and licensed practical nurse in New York for one year.

Petitioner, a registered nurse and licensed practical nurse, was charged, *inter alia,* with two specifications of professional misconduct, to wit, abandoning her professional employment with a hospital (8 NYCRR 29.2 [a] [1]) and practicing the profession with gross negligence (Education Law § 6509 [2]). The charges stemmed from petitioner's action in walking off her assigned nursing unit at St. Joseph's Hospital in Queens County 45 minutes after the completion of her 7:00 A.M., to 3:00 P.M. shift without informing the staff remaining on the unit. It is undisputed that petitioner had previously been advised by her supervisor that, due to a staff shortage on the 3:00 P.M. to 11:00 P.M. shift, one of the 7:00 A.M. to 3:00 P.M. shift nurses would have to remain on duty for an additional eight-hour shift and had informed the supervisor that she would stay for several hours until properly relieved. Under the hospital's mandatory overtime policy, the nurse with the least seniority, in this instance petitioner, was required to stay. As a result of petitioner's action in leaving, the unit, which contained 29 patients (most of whom were elderly and suffering from multiple illnesses, many of whom were receiving intravenous therapy and three of whom were intubated and on respirators), was left unattended by a registered nurse and staffed only by nurses' aides, orderlies and a respiratory therapist.

Following a hearing, the Hearing Panel found that the hospital had a bona fide overtime policy, of which petitioner was aware, that required the nurse with the least seniority to

remain on duty during an emergency situation, that an emergency situation existed on the day in question (i.e., staff shortage), that petitioner was aware of the emergency, was advised by her supervisor that she would have to stay, refused to do so and left the unit unattended by a registered nurse. Respondent Board of Regents accepted these findings, concluded that petitioner was guilty of professional misconduct and ordered that her licenses to practice as a registered nurse and licensed practical nurse be suspended for one year on each specification to run concurrently. Execution of the suspensions, however, was stayed. Petitioner commenced this CPLR article 78 proceeding to review the determination.

The gravamen of petitioner's arguments is that the evidence presented is insufficient to satisfy the three component elements necessary to support a finding of misconduct under 8 NYCRR 29.2 (a) (1), namely: (1) abandonment of professional employment, (2) without reasonable notice, and (3) under circumstances which seriously impair the delivery of professional care to patients (8 NYCRR 29.2 [a] [1]). We disagree. In our view, the uncontroverted evidence, which establishes that petitioner knew that there was a nursing shortage, had agreed to stay until properly relieved but then left her unit without proper nursing coverage, clearly supports the conclusion that she abandoned her professional employment within the meaning of 8 NYCRR 29.2 (a) (1). As regards the second element, petitioner's sudden leaving after giving assurances that she would stay for several hours until relieved, provided the supervisor with little or no opportunity to obtain a replacement. This conduct, when combined with petitioner's actions in initially informing the remaining staff on the unit that she was going to the supervisor's office and should be paged if an emergency arose, and then leaving the hospital altogether after conversing with the supervisor without first returning to the unit to advise the staff that she was leaving and would not be available to respond in the event of an emergency, belie any challenge to the evidentiary sufficiency underlying the conclusion that petitioner failed to give reasonable notice. Finally, there is little doubt that by leaving 29 seriously ill patients on a hospital unit attended only by nurses' aides, orderlies and a respiratory therapist, petitioner's conduct seriously impaired the delivery of professional care to patients.

We have reviewed petitioner's remaining contentions and find them to be without merit. A review of the record sufficiently supports the conclusion that petitioner's actions consti-

tuted gross negligence. Moreover, under the circumstances presented, we find that the determination that petitioner violated 8 NYCRR 29.2 (a) (1) is not in conflict with the mandates of Labor Law § 160.

Yesawich Jr., J. P., Levine, Mercure and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.